Kate Mueting (D.C. Bar No. 988177)*
Dacey Romberg (D.C. Bar No. 90003767)*
Shannon Henris (D.C. Bar No. 90017882)*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
dromberg@sanfordheisler.com
shenris@sanfordheisler.com

Charles Field (CA Bar No. 189817)
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Kristi Stahnke McGregor (GA Bar No. 674012)*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com

Susannah R. Cohen (NY Bar No. 6048102)*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5646
scohen@sanfordheisler.com

*Attorneys for Plaintiffs Diana Ye, James Brian Kurtz, and Tushar Bhushan, on behalf of themselves and all others similarly situated*

*admitted *pro hac vice*

Ashlee N. Cherry (CA Bar No. 312731)
ashlee.cherry@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1400 Page Mill Road
Palo Alto, CA 94304
Tel: 650.843.7745

Eric Meckley (CA Bar No. 168181)
eric.meckley@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
600 Montgomery Street, Suite 2300
San Francisco, CA 94111
Tel: 415.442.1013

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a/ Twitter, Inc., X Holdings Corp., X.AI Holdings Corp., Elon Musk, and Does*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTHERN CALIFORNIA**
**SAN FRANCISCO DIVISION**

DIANA YE, JAMES BRIAN KURTZ, and TUSHAR BHUSHAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

X CORP., f/k/a TWITTER, INC., X HOLDINGS CORP., X.AI HOLDINGS CORP., ELON MUSK, and DOES,

Defendants.

Case No. 3:25-cv-09501-TLT

**JOINT STATUS REPORT AND JOINT MOTION TO STAY ALL CASE SCHEDULING ORDER DEADLINES AND HEARINGS PENDING FINALIZATION AND SUBMISSION OF SETTLEMENT FOR COURT APPROVAL**

Hon. Trina L. Thompson

Plaintiffs Diana Ye, James Brian Kurtz, and Tushar Bhushan, individually and on behalf of the proposed class (collectively, "Plaintiffs"), and Defendants X Corp. (f/k/a Twitter, Inc.), X Holdings Corp., X.AI Holdings Corp., and Elon Musk (collectively, "Defendants," and together with Plaintiffs, the "Parties"), by and through their respective counsel, respectfully submit this Joint Status Report pursuant to the Court's July 13, 2026 Notice (Dkt. 54) and jointly move the Court, pursuant to Federal Rule of Civil Procedure 16(b)(4), Civil Local Rule 7-11, and the Court's inherent authority to manage its docket, to stay all remaining deadlines and hearings set forth in the operative scheduling orders pending the Parties' finalization of a settlement in principle and submission of the proposed settlement to the Court for approval.

In support of this Joint Status Report and Motion, the Parties state as follows:

**I. STATUS REPORT**

1. On July 13, 2026, the Court issued a Notice acknowledging that the Parties had scheduled a private mediation for September 28, 2026, with Hunter Hughes of Hunter ADR, and

directing the Parties to file a joint status report no later than August 28, 2026 to update the Court on the mediation, and a further joint status report no later than October 9, 2026 to report on the completion of private alternative dispute resolution. (Dkt. 55).

2. The Parties participated in the private mediation with Mr. Hughes on September 28, 2026. As a result of that mediation, the Parties are pleased to report that they have reached a settlement in principle that, if finalized and approved, would resolve this action in its entirety.

3. The Parties are now negotiating the terms of a long form settlement agreement. Because this is a putative class action, any settlement will be subject to the Court's approval under Federal Rule of Civil Procedure 23(e). The Parties therefore require a reasonable period to finalize the settlement documentation and to prepare and submit a motion for approval of the proposed settlement.

4. The Parties submit this Joint Status Report in satisfaction of the Court's directive to report on the status of private alternative dispute resolution by October 9, 2026. (Dkt. 55).

**II. RELEVANT PROCEDURAL BACKGROUND**

5. On April 30, 2026, the Court entered a Case Management and Scheduling Order (Dkt. 49), which it amended on May 5, 2026 (the "Amended Scheduling Order"). (Dkt. 53). The Amended Scheduling Order sets, among other deadlines, completion of private mediation by October 9, 2026 and a further status conference on October 22, 2026; the last day to file a motion for class certification on March 31, 2027; a fact discovery cut-off of July 27, 2027; and a jury trial beginning May 1, 2028. (Dkt. 53).

6. On July 31, 2026, upon Defendants' unopposed administrative motion and a showing of good cause, the Court stayed all discovery in this action pending a ruling on Defendants' Motion to Dismiss (Dkt. 40). (Dkts. 56, 57). In connection with that stay, the Court directed the Parties to

submit amended discovery deadlines by October 15, 2026, for the forthcoming joint case management conference set in October 2026. (Dkt. 57).

7. Discovery thus remains stayed, and the Parties have not conducted merits discovery. Resolving this action through the settlement reached at mediation would obviate the need for the Parties and the Court to expend further resources litigating a revised discovery schedule, class certification, dispositive motions, and trial.

## III. RELIEF REQUESTED

8. The Parties respectfully request that the Court stay all future deadlines and hearings under the Amended Scheduling Order (Dkt. 53) and the Order Granting [56] Administrative Motion (Dkt. 57), including, without limitation:

a. the requirement to submit a revised case management schedule, including new discovery deadlines, currently due October 15, 2026;

b. any case management conference, and the further status conference presently set for October 22, 2026; and

c. all other remaining case-management, discovery, class-certification, motion, pretrial, and trial deadlines set forth in the Amended Scheduling Order.

9. The Parties further request that, in lieu of the stayed deadlines, the Court permit the Plaintiffs until January 15, 2027, to file a motion for approval of the proposed settlement.

## IV. GOOD CAUSE AND LEGAL AUTHORITY SUPPORT A STAY

10. A stay is warranted under Rule 16(b)(4) and the Court's inherent authority. A scheduling order "may be modified only for good cause," Fed. R. Civ. P. 16(b)(4). The court possesses "inherent authority to stay federal proceedings pursuant to its docket management powers." *In re PG&E Corp. Sec. Lit.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (internal citation omitted). In deciding whether to stay proceedings, courts in this Circuit weigh "(1) the possible

damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Id*.

12. Each consideration supports the requested stay here. First, no party will be damaged by the stay; the stay is jointly requested, discovery is already stayed (Dkt. 57), and no merits deadline is imminent other than the schedule-submission obligation the Parties seek to defer. Second, requiring the Parties to go forward—by negotiating and submitting a revised discovery schedule and preparing for a case management conference while simultaneously documenting a global settlement—would impose needless hardship and expense on both sides. Third, the orderly course of justice is best served by a stay: resolving this action by settlement will likely eliminate every remaining issue, sparing the Court and the Parties the burden of class certification, merits and expert discovery, dispositive motions, and trial.

13. A settlement reached in principle supports a stay to permit finalization and court approval. The requested stay affords the Parties the time necessary to document their agreement and to prepare and present a motion for the court's final fairness determination, required by Rule 23(e)(2). The Parties' proposed deadline for a motion for approval of the proposed settlement ensures that the stay will be of reasonable length and limited duration.

**V. CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court (1) accept this Joint Status Report; (2) stay all future deadlines and hearings under the Case Management and Scheduling Order and the Amended Scheduling Order, including the October 15, 2026 deadline to submit a revised case management schedule and new discovery deadlines and the October 22, 2026 further status conference; and (3) direct the Plaintiffs to file a motion for approval of the proposed settlement by January 15, 2027. A proposed order is submitted herewith.

DATED: October 9, 2026

Respectfully submitted,


_/s/ Jared R. Killeen_
Jared R. Killeen (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
jared.killeen@morganlewis.com

*Attorney for Defendants X Corp., f/k/a Twitter, Inc., X Holdings Corp., X.AI Holdings Corp., Elon Musk, and Does*

_/s/ Kate Mueting_
Kate Mueting (D.C. Bar No. 988177)
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com

*Attorney for Plaintiffs Diana Ye, James Brian Kurtz, and Tushar Bhushan, on behalf of themselves and all others similarly situated*