Eric Meckley (SBN 168181)
eric.meckley@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
One Market, Spear Street Tower
San Francisco, CA 94015
Tel: 415.442.1000

Ashlee N. Cherry (SBN 312731)
ashlee.cherry@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1400 Page Mill Road
Palo Alto, CA 94304
Tel: 650.843.4000

Melissa D. Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., X Holdings Corp., X.AI Holdings Corp., Elon Musk, and Does*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DIANA YE, JAMES BRIAN KURTZ, and TUSHAR BHUSHAN,

Plaintiffs,

v.

X CORP., f/k/a/ TWITTER, INC., X HOLDINGS, X.AI HOLDINGS CORP., ELON MUSK, and DOES,

Defendants.

Case No. 3:25-cv-09501-TLT

**NOTICE OF WITHDRAWAL OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Am. Compl. Filed: Jan. 30, 2026

Judge: Trina L. Thompson

Pursuant to Civil Local Rules 7-7(e), Defendants X Corp., X Holdings Corp., X.AI Holdings Corp., and Elon Musk (together, "Defendants") provide this notice of withdrawal of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 40) in light of the parties' settlement in principle and the Court's text order dated October 9, 2026.

Plaintiffs Diana Ye, James Brian Kurtz, and Tushar Bhushan ("Plaintiffs") filed their Amended Complaint on January 30, 2026 (Dkt. 15), asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiffs allege Defendants maintained a so-called "Twitter Severance Plan," an employee welfare benefit plan as defined in ERISA Section 3(1)(A), 29 U.S.C. § 1002(1)(A), but failed to provide participants with benefits purportedly owed under the plan. Plaintiffs also allege Defendants failed to adequately fund the alleged severance plan in violation of their fiduciary duties under ERISA Section 409, 29 U.S.C. § 1109, and Section 502(a)(2), 29 U.S.C. § 1132(a)(2), and seek "equitable" relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), based on allegations that Defendants made misrepresentations about the alleged severance plan to participants.

On March 31, 2026, Defendants filed a Motion to Dismiss on the basis that this Court previously dismissed materially identical claims in *McMillian v. X Corp*., Case No. 3:23-cv-03461-TLT, a case brought by the same plaintiffs' counsel based on the same factual allegations on behalf of the same putative class. Defendants also seek dismissal on the merits because (i) Plaintiffs failed to plausibly allege the existence of a "Twitter Severance Plan," (ii) there is no duty under ERISA to fund an employee welfare benefit plan (even if such a plan existed here), and (iii) Plaintiffs cannot obtain equitable relief under Section 502(a)(3) that is duplicative of the relief they seek under ERISA Sections 502(a)(1)(B) and 502(a)(2). Plaintiffs filed their opposition to the Motion to Dismiss on April 14, 2026 (Dkt. 42), and Defendants filed their reply on May 5, 2026 (Dkt. 51).

On July 31, 2026, upon Defendants' unopposed administrative motion and a showing of good cause, the Court stayed all discovery in this action pending a ruling on Defendants' Motion to Dismiss (Dkts. 56, 57). On April 30, 2026, the Court entered a Case Management and Scheduling Order (Dkt. 49), which it amended on May 5, 2026 (the "Amended Scheduling Order") (Dkt. 53). The Amended Scheduling Order sets, among other deadlines, completion of private mediation by

October 9, 2026, and a further status conference on October 22, 2026.

On September 28, 2026, the parties participated in a private mediation and reached settlement in principle to resolve all claims asserted in the Amended Complaint on a classwide-basis (Dkt. 59). On October 9, 2026, the parties filed a Joint Status Report informing the Court of the settlement in principle and requesting that the Court stay all future deadlines and hearings under the Amended Scheduling and permit Plaintiffs until January 15, 2027, to file a motion for approval of the proposed settlement (Dkt. 59). On October 9, 2026, the Court entered a text order ordering the parties to file either a dismissal or a joint status report by January 15, 2027, and encouraging the parties to withdraw the pending Motion to Dismiss pursuant to Civil Local Rule 7-7(e).

Accordingly, Defendants withdraw their pending Motion to Dismiss pursuant to the Court's text order and Civil Local Rule 7-7(e). As stated in the concurrently filed stipulation, the parties stipulate and agree that Defendants' withdrawal of their Motion to Dismiss is without prejudice and that Defendants in no way waive their right or ability to refile or renew their Motion to Dismiss, or otherwise seek dismissal of Plaintiffs' claims, should the parties be unable to reach a final settlement agreement or should the Court deny preliminary or final approval of the anticipated settlement.

Dated: October 16, 2026

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Melissa D. Hill*
Melissa D. Hill (*pro hac vice*)
Eric Meckley
Sean McMahan (*pro hac vice*)
Jared R. Killeen (*pro hac vice*)
Ashlee N. Cherry

*Attorneys for Defendants*