Kate Mueting, DC Bar No. 988177*
Shannon Henris (D.C. Bar No. 90017882)*
Dacey Romberg (D.C. Bar No. 90003767)*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
shenris@sanfordheisler.com
dromberg@sanfordheisler.com

Charles Field (CA Bar No. 189817)
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Kristi Stahnke McGregor (GA Bar No. 674012)*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203
Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com

Susannah R. Cohen (NY Bar No. 6048102)*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5646
scohen@sanfordheisler.com

*Attorneys for Plaintiffs Diana Ye, James Brian Kurtz, and Tushar Bhushan, on behalf of themselves and all others similarly situated*

Ashlee N. Cherry (CA Bar No. 312731)
ashlee.cherry@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1400 Page Mill Road
Palo Alto, CA 94304
Tel: 650.843.7745

Eric Meckley (CA Bar No. 168181)
eric.meckley@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
600 Montgomery Street, Suite 2300
San Francisco, CA 94111
Tel: 415.442.1013

Melissa Hill (*pro hac vice*)
melissa.hill@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000

Sean K. McMahan (*pro hac vice*)
sean.mcmahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
Tel: 214.466.4000

Jared R. Killeen (*pro hac vice*)
jared.killeen@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000

*Attorneys for Defendants X Corp., f/k/a/ Twitter, Inc., X Holdings Corp., X.AI Holdings Corp., Elon Musk, and Does*

*admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTHERN CALIFORNIA**

| | |
|---|---|
| DIANA YE, JAMES BRIAN KURTZ, and TUSHAR BHUSHAN,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., X HOLDINGS CORP., X.AI HOLDINGS CORP., ELON MUSK, and DOES,<br><br>Defendants. | Case No. 3:25-cv-9501-TLT<br><br>**STIPULATION IN SUPPORT OF NOTICE OF WITHDRAWAL OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Am. Compl. Filed: Jan. 30, 2026<br><br>Judge: Trina L. Thompson |

Pursuant to Civil Local Rules 7-7(e) and 7-12, Defendants X Corp., X Holdings Corp., X.AI Holdings Corp., and Elon Musk, and Does (together, "Defendants") and Plaintiffs Diana Ye, James Brian Kurtz, and Tushar Bhushan (together, "Plaintiffs") (collectively, "the Parties") stipulate as follows:

1. Plaintiffs filed their Amended Complaint on January 30, 2026 (Dkt. 15), asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiffs allege Defendants maintained an employee welfare benefit plan as defined in ERISA Section 3(1)(A), 29 U.S.C. § 1002(1)(A), but failed to provide participants with benefits owed under the plan. Plaintiffs also allege Defendants failed to fund adequately the alleged severance plan in violation of their fiduciary duties under ERISA Section 409, 29 U.S.C. § 1109, and Section 502(a)(2), 29 U.S.C. § 1132(a)(2), and seek equitable relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), based on allegations that Defendants made misrepresentations about the severance plan to participants.

2. On March 31, 2026, Defendants filed a Motion to Dismiss on the basis that this

Court previously dismissed materially identical claims in *McMillian v. X Corp.*, Case No. 3:23-cv-03461-TLT, a case brought by the same plaintiffs' counsel based on the same factual allegations on behalf of the same putative class. Defendants also seek dismissal on the merits because (i) Plaintiffs failed to plausibly allege the existence of a "Twitter Severance Plan," (ii) there is no duty under ERISA to fund an employee welfare benefit plan (even if such a plan existed here), and (iii) Plaintiffs cannot obtain equitable relief under Section 502(a)(3) that is duplicative of the relief they seek under ERISA Sections 502(a)(1)(B) and 502(a)(2). Plaintiffs filed their opposition to the Motion to Dismiss on April 14, 2026 (Dkt. 42), and Defendants filed their reply on May 5, 2026 (Dkt. 51).

3. On July 31, 2026, upon Defendants' unopposed administrative motion and a showing of good cause, the Court stayed all discovery in this action pending a ruling on Defendants' Motion to Dismiss (Dkts. 56, 57). On April 30, 2026, the Court entered a Case Management and Scheduling Order (Dkt. 49), which it amended on May 5, 2026 (the "Amended Scheduling Order") (Dkt. 53). The Amended Scheduling Order sets, among other deadlines, completion of private mediation by October 9, 2026, and a further status conference on October 22, 2026.

4. On September 28, 2026, the parties participated in a private mediation and reached settlement in principle to resolve all claims asserted in the Amended Complaint on a classwide-basis (Dkt. 59). On October 9, 2026, the parties filed a Joint Status Report informing the Court of the settlement in principle and requesting that the Court stay all future deadlines and hearings under the Amended Scheduling and permit Plaintiffs until January 15, 2027, to file a motion for approval of the proposed settlement (Dkt. 59). On October 9, 2026, the Court entered a text order ordering the parties to file either a dismissal or a joint status report by January 15, 2027, and encouraging the parties to withdraw the pending Motion to Dismiss pursuant to Civil Local Rule

7-7(e).

WHEREFORE, Defendants have filed a notice of withdrawal of their pending Motion to Dismiss pursuant to the Court's text order and Civil Local Rule 7-7(e). The Parties stipulate and agree that Defendants' withdrawal of their Motion to Dismiss is without prejudice and that Defendants in no way waive their right or ability to refile or renew their Motion to Dismiss, or otherwise seek dismissal of Plaintiffs' claims, should the Parties be unable to reach a final settlement agreement or should the Court deny preliminary or final approval of the anticipated settlement.

DATED: October 16, 2026

Respectfully submitted,

*/s/ Melissa D. Hill*

Melissa D. Hill
Jared R. Killeen
Sean K. McMahan
Ashlee N. Cherry (CA Bar No. 312731)
Eric Meckley (CA Bar No. 168181)
**MORGAN, LEWIS & BOCKIUS LLP**
melissa.hill@morganlewis.com
jared.killeen@morganlewis.com
sean.mcmahan@morganlewis.com
ashlee.cherry@morganlewis.com
eric.meckley@morganlewis.com

*Attorneys for Defendants X Corp., f/k/a/ Twitter, Inc., X Holdings Corp., X.AI Holdings Corp., Elon Musk, and Does*

*/s/ Kate Mueting*

Kate Mueting (D.C. Bar No. 988177)*
Shannon Henris (D.C. Bar No. 90017882)*
Dacey Romberg (D.C. Bar No. 90003767)*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
shenris@sanfordheisler.com

Charles Field (CA Bar No. 189817)
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037
Telephone: (619) 577-4252
cfield@sanfordheisler.com

Kristi Stahnke McGregor (GA Bar No. 674012)*

**SANFORD HEISLER SHARP MCKNIGHT, LLP**
611 Commerce Street, Suite 3100
Nashville, TN 37203

Telephone: (615) 434-7008
kmcgregor@sanfordheisler.com
dromberg@sanfordheisler.com

Susannah R. Cohen (NY Bar No. 6048102)*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
17 State Street, 37th Floor
New York, NY 10004
Telephone: (646) 402-5646
scohen@sanfordheisler.com

*Attorneys for Plaintiffs and the Potential Class*

*admitted *pro hac vice*